## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-5001 |
| SHEILA O. ANINIPOK ALSO KNOWN AS SHEILA MOIANI, INDEPENDENT EXECUTOR OF THE ESTATE OF NENITA A. MONTGOMERY, DECEASED, | § § § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Sheila O. Aninipok's, also known as Sheila Moiani, Independent Executor of the Estate of Nenita A. Montgomery, Deceased ("Defendant" or "Aninipok") Motion for Partial Summary Judgment (ECF No. 13), Plaintiff Mt. Hawley Insurance Company's ("Plaintiff" or "Mt. Hawley") Motion for Summary Judgment (ECF No. 15), and Defendant's Motion for Summary Judgment (ECF No. 16). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 15) be **GRANTED**,

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 14).

Defendant's Motion for Summary Judgment (ECF No. 16) be **DENIED**, and Defendant's Partial Motion for Summary Judgment (ECF No. 13) be **DENIED AS MOOT**.

## I.    Background

This case arises from a state court action for personal injury claims. (ECF No. 1).  On November 9, 2020, Nenita Montgomery ("Montgomery") filed an Original Petition in the 157th Judicial District Court, Harris County, Texas, Cause No. 2020-72084 (the "Underlying Lawsuit") against Greater Houston Transportation Company ("GHTC").  (*See* ECF No. 15-2).  Later, on March 29, 2021, Montgomery filed her First Amended Original Petition and added Dawit Afewerki ("Afewerki") as a Defendant.  (*See* ECF No. 15-4).

Montgomery alleged she sustained injuries in an accident on January 2, 2020, when taxicab driver Afewerki, while acting in the course of his employment with GHTC, negligently dropped Montgomery onto her front porch while transporting Montgomery in a wheelchair from a taxicab to the front door of Montgomery's home.  (*See* ECF No. 15-8 at 2–3).

GHTC filed its Original Answer on December 14, 2020.  (*See* ECF No. 15-6 at 2).  Afewerki never filed an answer or otherwise responded in the Underlying Lawsuit.  (*See* ECF No. 15-6 at 2).

On July 19, 2021, Texas Taxi, Inc. and its affiliates, including GHTC, filed petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Texas, which then ordered proceedings to be jointly administered in Case No. 6:21-bk-60065 (CML) (the "Bankruptcy"). (*See* ECF No. 15-14). As a result, the Underlying Lawsuit was stayed under 11 U.S.C. § 362. (*See* ECF No. 15-16).

On October 28, 2021, Montgomery filed an Agreed Motion to Allow Lifting of Bankruptcy Stay to the Extent of Applicable Insurance. (ECF No. 15-15). The next day, the Bankruptcy Court entered an Agreed Order granting Montgomery relief from the automatic stay of 11 U.S.C. § 362. (ECF No. 15-16). The Agreed Order stated that Montgomery could continue the litigation in the Underlying Lawsuit. (*See id.* at 1).

On April 4, 2022, Montgomery filed a Third Amended Complaint, which alleged Afewerki had been served with citation and a copy of the lawsuit but had not appeared or filed an Answer. (*See* ECF No. 15-8 at 2). On the same day, the court in the Underlying Lawsuit entered an Order granting a Motion to Withdraw filed by counsel for GHTC, which left GHTC without representation in the Underlying Lawsuit. (*See* ECF No. 15-7).

On July 21, 2022, Montgomery filed a Motion for Summary Judgment and No Evidence Motion for Summary Judgment seeking judgment as a matter

of law against GHTC for damages sustained in the January 2, 2020 incident. (*See* ECF No. 15-9).  GHTC did not file a response.  (*See* ECF No. 15-6 at 2). On August 19, 2022, the court in the Underlying Lawsuit filed an order granting Montgomery's motion for summary judgment, finding GHTC was negligent as a matter of law, through the actions of its employee Afewerki, and that the negligence was a proximate cause of the injuries and damages sustained by Montgomery (the "Interlocutory Summary Judgment Order"). (*See* ECF No. 15-10 at 1–2).  The state court docket sheet refers to this order as an "Order for Interlocutory Summary Judgment Signed."  (ECF No. 15-6 at 2).

On February 24, 2023, the court in the Underlying Lawsuit filed a Notice of Intent to Dismiss – No Answer Filed (the "Notice").  (*See* ECF No. 15-11). The Notice advised all counsel and *pro se* parties that "no answer ha[d] been filed" and the case would be dismissed for want of prosecution unless, by April 3, 2023, either (1) a meritorious motion for default judgment was filed and heard by oral hearing or written submission or (2) an answer was filed.  (*Id.* at 1).  The Notice further advised that if neither was done, a verified motion to retain the case would be necessary to avoid dismissal at an oral hearing set for April 3, 2023.  (*Id.*).  Finally, the Notice stated that a failure to appear at the hearing would result in dismissal for want of prosecution.  (*Id.*).

No response to the Notice was filed.  (*See* ECF No. 15-6 at 2–3).  As such, on April 26, 2023, the court in the Underlying Lawsuit entered an Order of Dismissal (the "Order of Dismissal").  (ECF No. 15-12).  The Order of Dismissal stated, "For failure to comply with the notice dated February 24, 2023, Texas Rules of Civil Procedure 165a, the case styled above is ordered DISMISSED FOR WANT OF PROSECUTION.  Costs of court are assessed against the plaintiff(s)."  (*Id.* at 1).

On or about June 11, 2023, Montgomery passed away.  (*See* ECF No. 1-1).

On July 18, 2023, Counsel for Montgomery called and emailed GHTC and Mt. Hawley, as the insurance company for GHTC.  (ECF No. 13-15).  In the email, Counsel for Montgomery attached copies of Montgomery's "First Amended Original Petition and the signed Final Judgment."  (*Id.* at 1).  Defendant states there was no response to the email or phone call.  (*See* ECF No. 13 at 4).

On September 23, 2024, the County Court at Law Number Four of Fort Bend County, Texas in case number 24-CPR-040899 signed an Order Admitting Will to Probate and Granting Letters Testamentary Pursuant to Texas Estates Code Section 401.002(a) appointing Aninipok independent

executor of the Estate of Nenita A. Montgomery, Deceased.  (*See* ECF No. 15-13).

On December 4, 2024, Counsel for Montgomery sent an email to Plaintiff's counsel with a letter attached that demanded payment.  (*See* ECF No. 13-16).  On December 19, 2024, Plaintiff filed the instant lawsuit.  (*See* ECF No. 1).  Plaintiff's Complaint seeks a declaratory judgment stating:

1. "[T]he Order of Dismissal vacated the Interlocutory Summary Judgment against GHTC and dismissed all claims Montgomery asserted in the Underlying Lawsuit."

2. "[N]either Montgomery nor Aninipok is a judgment creditor with standing to seek recovery against Mt. Hawley under the Mt. Hawley Policy."

3. "[T]he Mt. Hawley Policy does not provide coverage for the Interlocutory Summary Judgment entered in the Underlying Lawsuit; that Mt. Hawley has no obligation to indemnify for or to satisfy the Interlocutory Summary Judgment entered in the Underlying Lawsuit or to pay any amount to Aninipok, Independent Executor of the Estate of Nenita A. Montgomery, Deceased, under the Mt. Hawley Policy."

(*Id.* at 13–14).  The parties have since filed motions for summary judgment. (*See* ECF Nos. 13, 15–16).

## II.    Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56.  Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the

nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof.  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading.  *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).  The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden.  *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).  However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).  Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

### III.    Discussion

Plaintiff moves for summary judgment, arguing (1) Aninipok does not hold a valid, final judgment against GHTC, and therefore cannot recover any amount from Mt. Hawley; (2) GHTC's failure to pay the self-insured retention and the corridor self-insured retention amounts is fatal to any claim for coverage; and (3) GHTC's failure to take reasonable steps to avoid or minimize liability in the Underlying Lawsuit provides an independent basis for summary judgment.  (*See* ECF No. 15 at 20–31).  Defendant also moves for summary judgment, arguing (1) the state district court judgment is a final judgment and (2) Mt. Hawley has a contractual duty to pay the judgment.[2] (*See* ECF No. 16 at 3–10).  With no material factual disputes, the question becomes whether either party is entitled to judgment as a matter of law.

As an initial matter, "[a] summary judgment [order] which does not dispose of all parties and issues is interlocutory and not appealable." *Aguilar v. Maverick Eng'g Co.*, 752 S.W.2d 727, 728 (Tex. App.—Corpus Christi–Edinburg 1988, no writ); *see City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988) ("A summary judgment that fails to dispose expressly of all parties

---

[2] Defendant filed a Partial Motion for Summary Judgment (ECF No. 13) and Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment (ECF No. 16).  Because Defendant's arguments in her Partial Motion for Summary Judgment (ECF No. 13) are reiterated in her later filed Motion for Summary Judgment (ECF No. 16), the Court **RECOMMENDS** Plaintiff's Partial Motion for Summary Judgment (ECF No. 13) be **DENIED AS MOOT**.

and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court.").

When a trial court grants an interlocutory summary judgment, but later orders dismissal of the entire case for want of prosecution, Texas Courts of Appeals explain that the trial court's judgment of dismissal sets aside the terms of any interlocutory summary judgment. *See Anderson v. Jamin*, No. 09-24-cv-006, 2024 WL 3448744, at *2 (Tex. App.—Beaumont July 18, 2024, no pet.) (collecting cases); *Johnson v. Sprint Transp., Inc.*, No. 01-90-cv-1139, 1994 WL 109474, at *4 (Tex. App.—Houston [1st Dist.] Mar. 31, 1994, writ dism'd w.o.j.) ("The trial court's judgment of dismissal set aside the terms of any interlocutory summary judgment."); *Aguilar*, 752 S.W.2d at 728 (overruling the challenge of an interlocutory summary judgment and affirming a later dismissal for want of prosecution because the trial court granted the interlocutory summary judgment, the subsequent dismissal order dismissing the entire case was the appealable order, but plaintiff failed to raise an issue or complaint as to the dismissal order); *Dickson & Assocs. v. Brady*, 530 S.W.2d 886, 888 (Tex. App.—Houston [1st Dist.] 1975, no writ) (finding that where an interlocutory summary judgment was granted on plaintiff's cause, but a year later the entire cause was dismissed for want of prosecution, an order of

10

dismissal set aside summary judgment).  As explained by the First Court of

Appeals:

> It is the well settled rule in Texas, with certain statutory exceptions not here involved, that an appeal will lie only from a final judgment, and that a judgment in order to be final must dispose of all parties and of all issues involved in the suit.  Prior to the time a judgment becomes final, the court has plenary power over it and may, on its own motion or on motion of a party, vacate, modify, correct or reform it, according to the justice of the case. The entry of a final judgment inconsistent in its terms with a prior interlocutory judgment operates to set aside the interlocutory judgment as a necessary result of the application [sic] of the rule that only one final judgment may be entered in a case.  The fact that an interlocutory judgment was rendered has no limiting effect on the final judgment actually entered.

*Dickson & Assocs.*, 530 S.W.2d at 887–88 (internal citations omitted).

Here, the trial court granted an interlocutory summary judgment (ECF

No. 15-10 at 1–2) but later dismissed the case for want of prosecution (ECF No.

15-12 at 1).  "Since the trial court's order dismissed the entire cause and did

not carry forward into a final judgment the terms of the interlocutory order,

the resulting effect of the order of dismissal was to set aside the interlocutory

judgment against appellant and to dismiss the entire cause."  *Dickson &*

*Assocs.*, 530 S.W.2d at 888; *see Aguilar*, 752 S.W.2d at 728 ("[The appellate

court] cannot presume the intent of the trial court to dismiss only the

remaining actions for want of prosecution" when the dismissal order does not

explicitly say as such).

11

Aninipok argues that the Interlocutory Summary Judgment Order is a final judgment because it disposed of all claims and all parties. (ECF No. 16 at 7). As such, Aninipok argues "there was nothing to sever." (*Id.*). In response, Mt. Hawley contends that Aninipok "fails to explain how the Interlocutory Summary Judgment Order that granted a motion for summary judgment against only GHTC — and not against Afewerki — could have possibly disposed of all claims and parties in the Underlying Lawsuit, including Montgomery's claims against Afewerki." (ECF No. 18 at 10). The Court agrees with Mt. Hawley. In Montgomery's Third Amended Petition, a negligent undertaking cause of action was asserted against Afewerki[3] (ECF No. 15-8 at 3). However, that claim is not addressed in the Interlocutory Summary Judgment Order. (*See* ECF No. 15-10 at 1–2).

Further, Mt. Hawley argues "if the court intended the interlocutory order to dispose of all parties and claims, the subsequent Notice and Order of Dismissal would not have been necessary." (ECF No. 18 at 11). Again, the Court agrees with Mt. Hawley.

Aninipok also argues the Order of Dismissal is void because of "GHTC's ongoing bankruptcy and the automatic stay under the Bankruptcy Code."

---

[3] In Montgomery's Third Amended Complaint, she alleges Afewerki had been served with citation and a copy of the lawsuit but had not appeared or filed an Answer. (See ECF No. 15-8 at 2).

12

(ECF No. 16 at 7).  Mt. Hawley responds that this argument is frivolous, stating that "the summary judgment evidence conclusively establishes that the bankruptcy stay was lifted specifically to permit the Underlying Lawsuit to proceed."  (ECF No. 18 at 12).  Mt. Hawley is correct, as the Order lifting the automatic stay specifically states that Montgomery could continue to litigate in the Underlying Lawsuit.  (*See* ECF No. 15-16 at 1).

Because the Order of Dismissal set aside the Interlocutory Summary Judgment Order, Montgomery did not ultimately attain a final judgment against GHTC.  As such, Aninipok is not entitled to recover from Mt. Hawley.  In light of this, the Court need not reach Plaintiff's arguments regarding GHTC's failure to (1) pay the self-insured retention and the corridor self-insured retention amounts or (2) take reasonable steps to avoid or minimize liability in the Underlying Lawsuit.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 15) be **GRANTED**, Defendant's Motion for Summary Judgment (ECF No. 16) be **DENIED**, and Defendant's Partial Motion for Summary Judgment (ECF No. 13) be **DENIED AS MOOT**.

Should this Memorandum and Recommendation be adopted by the District Judge, the Court recommends an Order be entered with the following language:

1. The Order of Dismissal vacated the Interlocutory Summary Judgment against GHTC and dismissed all claims Montgomery asserted in the Underlying Lawsuit;

2. Neither Montgomery nor Aninipok is a judgment creditor with standing to seek recovery against Mt. Hawley under the Mt. Hawley Policy; and

3. The Mt. Hawley Policy does not provide coverage for the Interlocutory Summary Judgment entered in the Underlying Lawsuit. Further, Mt. Hawley has no obligation to indemnify for or to satisfy the Interlocutory Summary Judgment entered in the Underlying Lawsuit or to pay any amount to Aninipok, Independent Executor of the Estate of Nenita A. Montgomery, Deceased, under the Mt. Hawley Policy.

(*See* ECF No. 1 at 13–14).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time

14

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 2, 2026.

_____

Richard W. Bennett
United States Magistrate Judge